IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

In re: Hubert Hudson Litigation    )    Civil Action No. 05-1611

MEMORANDUM ORDER

Gary L. Lancaster,
District Judge.                                    November 28, 2005

Before the court are plaintiff's motion for leave to proceed in forma pauperis and pro se complaint. For the reasons that follow, plaintiff's motion will be granted, and his complaint dismissed.

I.  DISCUSSION

   A.  Motion for Leave to Proceed In Forma Pauperis

We first address plaintiff's motion for leave to proceed in forma pauperis.

Congress has authorized the federal courts to allow a party to proceed with the commencement, prosecution, or defense of an action in forma pauperis. 28 U.S.C. § 1915(a). In doing so, Congress recognized the public policy concern that persons who are unable to pay fees or give security should be permitted to prosecute or defend actions that affect their legal rights.

1

Because it appears that plaintiff is unable to pay the costs associated with commencing this action, we will grant him leave to proceed in forma pauperis.

B.  Complaint

Next, we turn to plaintiff's complaint.

In enacting section 1915, Congress granted the courts an extra measure of authority when evaluating an in forma pauperis action. Under that section, the court shall dismiss such an action if it determines that the action is frivolous, or fails to state a claim on which relief may be granted. Id. at §§ 1915(e)(2)(b)(I), (ii). If it so finds, the court may dismiss a claim sua sponte, even before the summons issues. Johnstone v. United States, 980 F. Supp. 148, 150 (E.D. Pa. 1997).

A complaint is frivolous if it is "based on an indisputably meritless legal theory," or sets forth "clearly baseless" factual contentions. Neitzke v. Williams, 490 U.S. 319, 327 (1989). Moreover, a complaint fails to state a claim if, with all well-pleaded allegations taken as true, and viewed in the light most favorable to plaintiff, it does not state any valid claim for relief. See ALA, Inc. v. CCAIR, Inc., 29 F.3d 855, 859 (3d Cir. 1994).

Plaintiff's handwritten complaint quite frankly is indecipherable. We recognize that we are to afford pro se litigants greater range of latitude in their pleadings and to review their pleadings liberally. However, even a pro se litigant is required to put forth a complaint containing a "... short and plain statement of the claim..." so that the court and the parties can understand what it is he is complaining about. Finally, a court should dismiss the case pursuant to Rule 8(a), "if a pro se complaint is so confusing or unintelligible that no party could possibly understand or reply to it." Cole v. Commonwealth Federal, 1994 WL 618464, *1 (E.D. Pa.); citing King v. Fayette County, 92 F.R.D. 457, 458 (W.D. Pa. 1981); Brown v. Califano, 75 F.R.D. 497 (1977). This is clearly such a complaint.

III. CONCLUSION

For the foregoing reasons, the court will grant plaintiff's motion for leave to proceed in forma pauperis, but will dismiss his complaint.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

In re: Hubert Hudson Litigation    )    Civil Action No. 05-1611

### ORDER

AND NOW, this 28th day of November, 2005, upon consideration of plaintiff's motion for leave to proceed in forma pauperis, said motion is hereby GRANTED. It is FURTHER ORDERED that plaintiff's complaint is hereby DISMISSED, with prejudice.

BY THE COURT:

/s/ [signature] J.

cc:   All Counsel of Record