IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


In re: Hubert Hudson Litigation    )    Civil Action No. 05-1611


MEMORANDUM ORDER

Gary L. Lancaster,
District Judge.                                         August 11, 2006

    Before the court is plaintiff's pro se amended complaint. For the reasons that follow, plaintiff's complaint is dismissed.


I.   BACKGROUND

    On November 28, 2005, we granted plaintiff's motion for leave to proceed in forma pauperis. At that time, we also dismissed his complaint sua sponte on the grounds that his complaint was incomprehensible and thus frivolous, and failed to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(A)(a)-(b).

    Plaintiff appealed our November 28, 2005 decision. The Court of Appeals for the Third Circuit reversed and remanded the case for further proceedings. The Court of Appeals held that plaintiff should have been afforded the opportunity to amend his pleading to cure its defect unless such an amendment would be futile. Accordingly, plaintiff was afforded the opportunity to file an amended complaint, and did so on June 19, 2006.

1

We have reviewed plaintiff's amended complaint and find that it remains incomprehensible. As set forth below, we dismiss the amended complaint pursuant to 28 U.S.C. § 1915.

Under section 1915, the court shall dismiss such an action if it determines that the action is frivolous, or fails to state a claim upon which relief may be granted. If it so finds, the court may dismiss a claim sua sponte, even before the summons issues. Johnstone v. United States, 980 F. Supp. 148, 150 (E.D. Pa. 1997). Furthermore, the court may dismiss a complaint without affording the litigant an opportunity to amend if the court concludes that amendment would be futile. Shane v. Fauver, 213 F.3d 113, 116 (3d Cir. 2000).

Plaintiff's amended complaint is largely nonsensical. It states, among other things, that it seeks "transcripts from March 31, 2006[1] showing violative [sic] action(s)... allowing hearsay testimony, not allowing myself to face aledged [sic] victim(s), 6th amend u.s. const. moving now for a jury trial." The amended complaint, which is one page in length, further states that plaintiff seeks discovery for the information in "the lower court."

We recognize that we are to afford pro se litigants greater range of latitude in their pleadings and to review their

---

[1] Given his original complaint was filed in November of 2005, we have no idea what this refers to.

pleadings liberally. However, even a pro se litigant is required to put forth a complaint containing a "... short and plain statement of the claim..." so that the court and the parties can understand what it is he is complaining about. Alston v. Parker, 363 F.3d 229, 234 (3d Cir. 2004).

Finally, a court should dismiss the case pursuant to Rule 8(a), "if a pro se complaint is so confusing or unintelligible that no party could possibly understand or reply to it." Cole v. Commonwealth Federal, 1994 WL 618464, *1 (E.D. Pa. Nov. 8, 1994); citing King v. Fayette County, 92 F.R.D. 457, 458 (W.D. Pa. 1981); Brown v. Califano, 75 F.R.D. 497 (1977). This is clearly such a complaint. Even affording plaintiff every benefit of the doubt, his amended complaint remains wholly incomprehensible. We simply cannot decipher any federal claim, let alone expect defendant to respond to his pleading.

Because plaintiff's complaint fails to state a claim, and any further amendment would be futile, the amended complaint is dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(A)(a)-(b).

III.  CONCLUSION

For the foregoing reasons, plaintiff's amended complaint is hereby dismissed. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

In re: Hubert Hudson Litigation    )    Civil Action No. 05-1611

ORDER

AND NOW, this 11th day of August, 2006, plaintiff's amended complaint is hereby DISMISSED, with prejudice. The Clerk of Court is ordered to mark this case closed.

BY THE COURT:

_____ J.

cc: All Counsel of Record