IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

HUBERT HUDSON )
    Plaintiff, )
)
v. ) Civil Action No. 05-1611
)
McKEESPORT POLICE CHIEF, )
MAYOR BREWSTER, DENNIS WYN, )
CITY OF McKEESPORT POLICE )
DEPARTMENT, )
    Defendants. )

MEMORANDUM ORDER

GARY L. LANCASTER,
District Judge.                             April 16, 2008

This is a civil rights action. Plaintiff, appearing pro se, has filed a Motion for Writ of Mandamus [Doc. No. 19]. It appears that plaintiff seeks a court order compelling certain witnesses to appear at trial and to compel the production of a tape or transcript relevant to his claims.

28 U.S.C. § 1361 provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Mandamus is considered an "extraordinary remedy," Mallard v. United States Dist. Ct. for the S. Dist. of Iowa, 490 U.S. 296, 308 (1989), which "is seldom issued and its use is discouraged." In re Patenaude,

210 F.3d 135, 140 (3d Cir. 2000) (citations omitted). Petitioners seeking mandamus must demonstrate that they "lack adequate alternative means to obtain the relief they seek" and they "carry the burden of showing that their right to issuance of the writ is 'clear and indisputable.'" Mallard, 490 U.S. at 309.

Here, mandamus relief is inappropriate for several reasons. First, the nature of the relief sought does not appear to fall within the scope of 28 U.S.C. § 1361. The relief sought does not relate to "officers or employees of the Unites States or any agency thereof" nor to any "duty owed to plaintiff." Second, because defendants have yet to file an answer in this case, plaintiff's requested relief is premature. Plaintiff is essentially seeking an order compelling discovery. As this case progresses, plaintiff will have other adequate means to raise these issues. Accordingly, plaintiff's motion [Doc. No. 19] is DENIED.

BY THE COURT:

/s/ John Padova, J.

cc: All Counsel of Record