IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

HUBERT HUDSON, ROBERTA HUDSON,       )
SHEALIASSIA WILLIAMS,                )
                                     )
            Plaintiffs,              )
        v.                           )  Civil Action No. 05-1611
                                     )
McKEESPORT POLICE CHIEF, MAYOR       )
BREWSTER, DENNIS WYN, CITY OF        )
McKEESPORT POLICE DEPARTMENT,        )
                                     )
            Defendant.               )

## MEMORANDUM ORDER

Gary L. Lancaster,
District Judge.                              September 16, 2008

        This is a civil rights case.  Plaintiffs Hubert Hudson,
Roberta Hudson, and Shealiassia Williams presumably bring this
action pursuant to 42 U.S.C. § 1983 ("section 1983") against
defendants the City of McKeesport Police Officer Dennis Wyn, the
City of McKeesport Police Chief, Mayor James Brewster, and the City
of McKeesport Police Department for injuries plaintiffs allegedly
sustained during an arrest on September 2, 2005.  [Doc. No. 1].
Plaintiffs allege that defendants violated their constitutional
rights under the First, Fourth, Fifth, Eighth, and Fourteenth
Amendments to the United States Constitution.

        In considering a Rule 12(b)(6) motion, we must be
mindful that Federal courts require notice pleading, as opposed to
the heightened standard of fact pleading.  Rule 8 of the Federal
Rules of Civil Procedure "'requires only a short and plain

statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it rests.'" Bell Atlantic Corp. v. Twombly, --- U.S. ---, 127 S.Ct. 1955, 1964 (2007) (citing Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, even under this lower notice pleading standard, a plaintiff must do more than recite the elements of a cause of action, and then make a blanket assertion of an entitlement to relief under it. Instead, a plaintiff must make a factual showing of his entitlement to relief by alleging sufficient facts that, when taken as true, suggest the required elements of a particular legal theory. Twombly, 127 S.Ct. at 1965. The amount of facts needed to satisfy this requirement will depend on the context of the case and the causes of action alleged. Phillips v. County of Allegheny, et al., 515 F.3d 224, 232 (3d Cir. 2008).

Therefore, when deciding a motion to dismiss under Rule 12(b)(6), we apply the following rules. The facts alleged in the complaint must be taken as true and all reasonable inferences must be drawn in favor of plaintiff. Twombly, 127 S.Ct. at 1965; Phillips, 515 F.3d at 231; Rowinski v. Salomon Smith Barney Inc., 398 F.3d 294 (3d Cir. 2005). We may not dismiss a complaint merely because it appears unlikely or improbable that plaintiff can prove the facts alleged or will ultimately prevail on the merits. Twombly, 127 S.Ct. at 1965, 1969 n.8. Instead, we must ask whether

2

the facts alleged raise a reasonable expectation that discovery
will reveal evidence of the necessary elements. Id. at 1965. In
the end, if, in view of the facts alleged, it can be reasonably
conceived that the plaintiff could, upon a trial, establish a case
that would entitle them to relief, the motion to dismiss should not
be granted. Id. at 1969 n.8.

It is on this standard that the court has reviewed
defendants' motion to dismiss. Based on the pleadings of record
and the briefs filed in support and opposition thereto, the court
is not persuaded that dismissal is appropriate at this time.

Specifically, plaintiffs have alleged that on September
2, 2005, Officer Wyn entered Hubert Hudson's home without a warrant
or probable cause. During this illegal entry, Officer Wyn used
excessive force against Hubert and Roberta Hudson, falsely arrested
Hubert and Roberta Hudson, and harassed Roberta Hudson and
Shealiassia Williams. Moreover, plaintiffs allege that this arrest
represents a pattern of police behavior in McKeesport whereby the
"McKeesport Police Dept. have beaten, maim[ed], mali[c]ously
blacken[ed], eyes etc[.], with the consent, of, [Mayor] Brewster.
He allows warrantless, arrest, inva[s]ions [of] private properties,
homes, apts. without cause." [Doc. No. 1].

These allegations, if true, state a claim under section
1983. Our ruling, however, does not prevent defendants from

3

raising these arguments after discovery is complete in a motion for summary judgment.

Therefore, this 16th day of September, 2008, IT IS HEREBY ORDERED that the City of McKeesport Police Officer Dennis Wyn, the City of McKeesport Police Chief, Mayor James Brewster, and the City of McKeesport Police Department's motion to dismiss [Doc. No. 32] is denied without prejudice to their right to raise these issues under Rule 56 on a properly developed record.

BY THE COURT:

cc:       Hubert T. Hudson
1130 Karl Street
Duquesne, PA 15110

All Counsel of Record