IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

HUBERT HUDSON, ROBERTA HUDSON, )
SHEALIASSIA WILLIAMS, )
 )
 )
      Plaintiffs, )
  v. ) Civil Action No. 05-1611
 )
McKEESPORT POLICE CHIEF, MAYOR )
BREWSTER, DENNIS WYN, CITY OF )
McKEESPORT POLICE DEPARTMENT, )
 )
      Defendants. )

MEMORANDUM and ORDER

Gary L. Lancaster,
District Judge.                                        April 28, 2009

This is a civil rights case. Plaintiffs Hubert Hudson, Roberta Hudson, and Shealiassia Williams, acting pro se and in forma pauperis, bring this action pursuant to 42 U.S.C. § 1983 ("section 1983") against defendants the City of McKeesport Police Department, Police Officer Dennis Wyn, the City of McKeesport Police Chief, and Mayor James Brewster stemming from an arrest on September 2, 2005. [Doc. No. 1]. Plaintiffs' complaint, and all other filings for that matter, are incomprehensible. However, as interpreted by the Court of Appeals for the Third Circuit in two per curiam non-published opinions, plaintiffs allege that defendants violated their rights under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. See Hudson v. McKeesport Police Chief, No. 06-4099, 244 Fed.Appx. 519 (3d Cir. 2007); Hudson v. McKeesport Police Chief, No. 05-5311, 182 Fed.Appx. 124 (3d Cir. 2006).

Defendants have filed a motion for summary judgment arguing that plaintiffs failed to produce evidence of any violation of plaintiffs' Constitutional rights. [Doc. No. 46]. For the reasons set forth below, defendants' motion for summary judgment will be granted.

I. FACTUAL BACKGROUND

Unless otherwise noted, the following facts are not in dispute.[1] We construe all other facts in the light most favorable to plaintiffs, the non-moving parties.

On September 2, 2005, the McKeesport Police Department arrested Mr. and Ms. Hudson. Related to that arrest, the Commonwealth of Pennsylvania charged Mr. Hudson with resisting arrest, harassment, disorderly conduct - unreasonable noise, disorderly conduct - obscene language/gestures, and disorderly conduct - hazardous/physical. The Commonwealth of Pennsylvania charged Ms. Hudson with aggravated assault, resisting arrest, two counts of harassment, and disorderly conduct.

Ultimately, all counts against Mr. and Ms. Hudson were withdrawn except for the charges of disorderly conduct. Mr. and

---

[1] Plaintiffs have failed to submit a Responsive Concise Statement of Material Facts as required by Local Rule 56.1(c)(1). Accordingly, the facts set forth in defendants' Concise Statements of Material Facts are deemed admitted. LR 56.1(e).

Ms. Hudson pled guilty to the charges of disorderly conduct but have since filed summary appeals.

On December 5, 2005, plaintiffs filed this lawsuit. Defendants deny all of plaintiffs' claims [doc. no. 42] and state that plaintiffs' complaint must be dismissed for lack of evidence [doc. no. 46].

For the reasons discussed below, defendants' motion will be granted.

II. STANDARD OF REVIEW

Fed.R.Civ.P. 56(c) provides that summary judgment may be granted if, drawing all inferences in favor of the non-moving party, "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." To defeat summary judgment, the non-moving party cannot rest on the pleadings, but rather must go beyond the pleadings and present "specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e).

The non-moving party has the burden of producing evidence to establish each element of her claim. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The non-movant must show more than "[t]he mere existence of a scintilla of evidence" for elements on which she bears the burden of production. Anderson v.

Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). Thus, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)(citations omitted).

In summary, the inquiry under a Rule 56 motion is whether the evidence of record presents a genuine dispute over material facts so as to require submission of the matter to a jury for resolution of that factual dispute or whether the evidence is so one-sided that the movants must prevail as a matter of law because no reasonable jury could return a verdict in plaintiffs' favor. It is on this standard that the court has reviewed defendants' motion and plaintiffs' response thereto.

### III. DISCUSSION

Defendants correctly point out that plaintiffs "failed to establish any evidence at all of a Fourth and Eight Amendment claim" and that plaintiffs also "failed to produce any evidence of the other Constitutional protections listed in the Complaint and Amended Complaint." [Doc. No. 46 at ¶¶ 4-5]. Plaintiffs engaged in no discovery.

In reviewing defendants' motion for summary judgment, we are mindful that "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings

4

drafted by lawyers." Estelle v. Gamble, 429 U.S. 97, 107 (1976) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)) (quotation marks omitted). This liberal construction of a pro se complaint, however, does not excuse a pro se plaintiff from setting forth facts sufficient to survive summary judgment. Kaiser v. Bailey, No. 01-6151, 2003 WL 21500339, at *3 (D.N.J. July 1, 2003) (citing Shabazz v. Odum, 591 F.Supp. 1513, 1515 (M.D. Pa. 1984)). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial" and mandates the entry of summary judgment. Celotex, 477 U.S. at 323; Mierzwa v. Keating, No. 04-5268, 2007 WL 2156356, at *3-4 (D.N.J. July 26, 2007).

Plaintiffs have failed to submit any evidence in opposition to defendants' motion for summary judgment, and have also failed to respond to defendants' Concise Statement of Material Facts. Plaintiffs failure to submit evidence, and to respond to defendants' evidence, occurred despite the fact that discovery in this matter concluded on January 6, 2009 and that plaintiffs had over 100 days to conduct discovery.

Plaintiffs have also failed to "address applicable law and explain why there are genuine issues of material fact to be tried and/or why the moving party is not entitled to judgment as a matter of law" in their opposition to summary judgment pursuant to Local Rule 56.1(c)(2). Instead, plaintiffs' opposition to

defendants' motion for summary judgment consists simply of a non-responsive rambling asserting that claims have been made against defendants and complains that defendants did not discuss this court's July 1, 2008 denial of plaintiffs' motion for entry of default.

Rather than granting summary judgment solely because the instant briefings contain no evidence that would allow a reasonable jury could return a verdict in plaintiffs' favor, however, in deference to plaintiffs' pro se status we have carefully reviewed the entire record for evidence. We found and considered the following documents attached to various briefings to this court and to the Court of Appeals for the Third Circuit: (1) a newspaper article discussing the Supreme Court decision in Pennsylvania State Police v. Suders, 542 U.S. 129 (2004) [doc. no. 1]; (2) a newspaper article discussing an amendment to Pennsylvania's laws regarding obscene gestures [doc. no. 1]; (3) an undated and unverified confidential police misconduct complaint form regarding the September 2, 2005 incident [doc. no. 13]; (4) a medical record dated June 17, 2008 related to a back sprain suffered by Mr. Hudson [doc. no. 35]; (5) a newspaper article discussing an unrelated case against different McKeesport police officers [doc. no. 35]; and (6) a letter dated March 20, 2008 from the County of Allegheny Department of Law regarding a subpoena [doc. no. 43].


Despite construing the record broadly as supporting any possible violations covered by the First, Fourth, Fifth, Eighth, and Fourteenth Amendments and drawing all inferences in favor of plaintiffs, we find that none of these documents provide support for any of plaintiffs' claims. The law is clear that plaintiffs cannot rely on unsupported, unexplained assertions and conclusory allegations in an attempt to survive defendants' summary judgment motion. Williams v. Borough of W. Chester, 891 F.2d 458, 460 (3d Cir. 1989)(citing Celotex, 477 U.S. at 325). Where the moving defendant in a summary judgment motion alleges the absence of evidence, the nonmoving plaintiff must come forward with evidence to support his or her claim. Foley v. Int'l Brotherhood of Electrical Workers Local Union 98 Pension Fund, 91 F.Supp.2d 797, 813-14 (E.D. Pa. 2000). Plaintiffs have failed to do so. They have failed to show even "[t]he mere existence of a scintilla of evidence" for elements on which they bear the burden of production. Anderson, 477 U.S. at 252.

Accordingly, we find that no genuine issue of material fact exists on plaintiffs' claims under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments and we will dismiss plaintiffs' complaint with prejudice.

IV. CONCLUSION

For the foregoing reasons, we will grant defendants' motion for summary judgment.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

HUBERT HUDSON, ROBERTA HUDSON, )
SHEALIASSIA WILLIAMS, )
)
)
Plaintiffs, )
v. ) Civil Action No. 05-1611
)
McKEESPORT POLICE CHIEF, MAYOR )
BREWSTER, DENNIS WYN, CITY OF )
McKEESPORT POLICE DEPARTMENT, )
)
Defendants. )

ORDER

AND NOW, this 28th day of April, 2009, upon consideration of defendants' motion for summary judgment [doc. no. 46], IT IS HEREBY ORDERED that the motion is GRANTED.

The Clerk of Court is directed to mark this case closed.

BY THE COURT,

/s/ _____, J.

cc: Hubert T. Hudson
1130 Karl Street
Duquesne, PA 15110

All Counsel of Record